IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 CR 0004 |
| | ) | |
| James Monti | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On January 4, 2006, defendant James Monti was charged in a five-count indictment which alleged that in 1999, he engaged in a scheme to defraud Cole Taylor Bank in violation of 18 U.S.C. § 1344 and made false statements in violation of 18 U.S.C. § 1014.

After a substantial period of plea negotiations and some delays to address defendant Monti's health issues, the government and defendant Monti finalized a written plea agreement dated November 14, 2006 [Dkt. No. 30]. Pursuant to that plea agreement, defendant Monti pleaded guilty to Count One of the indictment on November 14, 2006 and the government, among other things, agreed to dismiss the remaining counts of the indictment at the time of defendant Monti's sentencing, which is currently set for March 28, 2007 [Dkt. No. 25].

Pursuant to Federal Rule of Criminal Procedure 11 (c)(1)(B)[1], in the written plea agreement,

---

[1]Federal Rules of Criminal Procedure 11(c)(1)(B) states in pertinent part:

[T]he plea agreement may specify that an attorney for the government will:

(B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court).

the parties agreed to certain sentencing guideline points using "the November 1998 edition of the guidelines" [Dkt. No. 30 at 5]. On November 14, 2006, the Assistant United States Attorney handling the case for the government confirmed in open court the government's recommendation pursuant to the plea agreement that the 1998 Sentencing Guidelines should be used by the court in considering the appropriate Guidelines range of imprisonment when sentencing defendant Monti.

At the conclusion of the requisite guilty plea colloquy, this court on November 14, 2006 accepted defendant Monti's plea. Two days later, on November 16, 2006, the government filed a motion entitled "Motion to Correct Plea Agreement" [Dkt. No. 23] in which the government asserted the plea agreement "had been negotiated several months ago. In the plea agreement, the parties calculated defendant's offense level and Guidelines range using the 1998 version of the Guidelines." (Gov't. Mo. at 1). The Government further asserted in its "Motion to Correct Plea Agreement" that:

> The government, however, believes that it is required to follow the Seventh Circuit's directive in *United States v. Demaree*, [459 F.3d 791 (7th Cir. 2006)], to advocate the application of the version of the Guidelines in effect at the time of sentencing.

(Gov't. Mo. at 2).

The Seventh Circuit's *Demaree* opinion had been issued on August 11, 2006, over three months before the November 14, 2006 plea agreement in this case was finalized. In light of the government's November 16, 2006 post-plea "Motion to Correct Plea Agreement," retracting agreed terms of the November 14, 2006 plea agreement and retreating from the government's pre-plea position stated in open court acknowledging the government's agreement to recommend that the court use the 1998 Guidelines, the court issued an order on November 17, 2006 requesting a response by December 1, 2006 from the defendant. Because no response was filed by the defendant,

2

the court requested a status conference to be held on February 8, 2007. On that day, the parties filed a document entitled "Correction to Plea Agreement" which stated as to paragraph 6(a):

> The government believes that the Guidelines in effect at the time of defendant's sentencing, that is, the November 2006 edition of the Guidelines are the applicable Guidelines to defendant's offense. The defendant believes that the November 1998 edition of the Guidelines are the applicable Guidelines to defendant's offense.

[Dkt. No. 31 at 1].

## ANALYSIS

As quoted in footnote 1, Federal Rule of Criminal Procedure 11(c)(1)(B) is clear that when the government and a defendant enter into a negotiated plea agreement, the government may agree to recommend to a sentencing judge that a particular sentence, sentencing range, provision of the Sentencing Guidelines, policy statement, or sentencing factor should or should not be applied in a particular defendant's case. After accepting a defendant's guilty plea pursuant to the plea agreement, a sentencing court is not bound to follow any recommendation made pursuant to Rule 11(c)(1)(B).

Federal Rule of Criminal Procedure 11(c)(1)(C) allows the government and a defendant by their plea agreement to bind a sentencing court, upon acceptance of the guilty plea, to sentence the defendant as the parties agreed. In that situation, if the court does not agree to sentence the defendant as specified in a Rule 11(c)(1)(C) plea agreement, the court must reject the parties' agreement and allow the parties to negotiate another plea agreement or seek other means to resolve the case. The Seventh Circuit law is clear that: "Plea agreements [under Rule 11(c)(1)(C)] can retain their authority to bind the government, the defendant and the district court even when they provide for sentences that depart from the prescriptions of the guidelines." *United States v.*

*Cielowski*, 410 F.2d 353, 363 (7th Cir. 2005) (citing prior opinions from the Second, Third, Sixth, Seventh and District of Columbia Circuits that have reached the same conclusion).

This court, having been presented with a Rule 11(c)(1)(B) plea agreement in this case is, of course, not bound by that plea agreement to impose a particular sentence or apply particular provisions of the sentencing guidelines.[2] Even though this court under this Rule 11(c)(1)(B) plea agreement is not bound upon the court's acceptance of defendant Monti's guilty plea to follow the parties' agreed-upon recommendation, it has long been the law in the Seventh Circuit and across the country that the parties to a plea agreement are required to live up to the plea agreement's terms. Plea agreements are contracts. *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006); *United States v. Salazar*, 453 F.3d 911, 913 (7th Cir. 2006). The government and the defendant must fulfill the agreement that was expressly or impliedly made between them. *United States v. Atkinson*, 259 F.3d 648, 654 (7th Cir. 2001); *United States v. Schilling*, 142 F.3d 388, 394-95 (7th Cir. 1998). It has also long been the law that the government may not "pull the rug out from under a defendant who had negotiated a plea agreement, by taking steps to induce the judge to give a higher sentence." *United States v. Hauptman*, 111 F.3d 48, 51 (7th Cir. 1997).

"Pull[ing] the rug out from under the defendant" is precisely what the government has attempted to do here by inducing defendant Monti to plead guilty pursuant to the November 14, 2006 plea agreement and then seeking to change the plea agreement's terms after that guilty plea. The government's position stated in its "Motion to Correct Plea Agreement" that "the government believes it is required to follow the Seventh Circuit's directive in *United States v. Demaree* to

---

[2]Pursuant to Title 18 U.S.C. § 3553(a)(4)(ii), a sentencing court is required, however, to "consider," among other factors, the sentencing range established for the offenses committed by a defendant in effect on the date the defendant is sentenced.

4

advocate the application of the version of the Guidelines in effect at the time of sentencing," (Gov't. Mo. at 2), should have been told to defendant Monti before defendant Monti pleaded guilty so as not to mislead defendant Monti.

If the government had the belief quoted in the previous paragraph before November 14, 2006 and did not disclose it until after defendant Monti's guilty plea, it deceived defendant Monti. If the government came to this belief after defendant Monti's guilty plea, it is tardy. The court finds no directive in the *Demaree* opinion requiring the government to advocate the application of the guidelines in effect on the date of sentencing after the government entered into a plea agreement to recommend the application of other sentencing guidelines. But even if there were such a directive, it is unjust for the government to unilaterally change its position on the terms of a plea agreement after a guilty plea has been accepted by the court.

As mentioned earlier, the *Demaree* case was decided by the Seventh Circuit over three months before defendant Monti's plea, and the *Demaree* case dealt with the constitutional issue of whether the doctrine of ex post facto continued to be applicable after "*Booker* [543 U.S. 220 (2005)] demoted the Guidelines from rules to advice." *United States v. Demaree*, 459 F.3d 791, 794 (7th Cir. 2006). The legal issue before this court is not one of constitutional law but of contract law as applied to plea agreements in criminal cases. The *Demaree* case, according to the Seventh Circuit's opinion, addressed no issue regarding any plea agreement.

If the government considers the Seventh Circuit's statement in the *Demaree* opinion that "the judge <u>applied</u> the 2004 guidelines [that were in effect on the date of sentencing] as he was <u>required</u> to do by the Sentencing Reform Act, 18 U.S.C. § 3553(a)(4)(A)(ii)" (emphasis added) to be a directive, the government is incorrect in its interpretation for several reasons. First, the *Booker* case did away with the mandatory application of the sentencing guidelines by excising and eliminating

5

the mandatory language found in 18 U.S.C. § 3553(b)(1). Second, the statutory provision 18 U.S.C. § 3553(a)(4)(A)(ii) that the *Demaree* opinion cited in the above-quoted passage, never mandated the application of a particular group of guideline provisions or manual, but merely requires that sentencing judges "consider" the guidelines in effect at the time of sentencing. Third, the *Demaree* opinion properly referred to the sentencing guidelines as no longer rules but advice. 459 F.3d at 794. If a sentencing court were required to apply particular guidelines, those guidelines would no longer be advice but would, once again, be mandatory rules. Fourth, the statement in *Demaree* was not a directive by the Seventh Circuit to the district courts of this circuit to abandon their discretion in evaluating a Rule 11(c)(1)(B) plea agreement's recommendation to apply a sentencing guidelines manual on which the parties agreed and the defendant relied in pleading guilty just because the government, within hours of the court's acceptance of that plea, has a change of heart, reneges on the negotiated agreement, and advocates the defendant be given a higher sentencing of imprisonment than the government said it would recommend in the plea agreement, as the government has done here.

Contrary to the position of the current administration in the United States Attorney's Office of the Northern District of Illinois, the government is bound by its promises and cannot renounce terms of plea agreements with criminal defendants after a guilty plea. Plea agreements that are relied upon by defendants and accepted by courts must be upheld. To hold otherwise would reward deceit and dishonesty by government counsel, which cannot be allowed.

CONCLUSION

The government's November 16, 2006 "Motion to Correct Plea Agreement" [Dkt. No. 23] is denied. The government is bound by the terms of the November 14, 2006 plea agreement to recommend a sentence for defendant Monti within the applicable Guidelines range using the agreed Guidelines calculations in the November 1998 Guidelines Manual promulgated by the United States Sentencing Commission as set forth in the November 14, 2006 plea agreement.

Sentencing will proceed on March 28, 2007 as previously scheduled.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: February 15, 2007